850 F.2d 611
 Prod.Liab.Rep.(CCH)P 11,853
Elizabeth SENN, as Guardian ad litem for Mandy Senn,
Plaintiff-Appellant,
v.
MERRELL-DOW PHARMACEUTICALS, INC., and American Home
Products Corporation, Defendants-Appellees.
Elizabeth SENN, as Guardian ad litem for Mandy Senn,
Plaintiff-Appellant,
v.
WYETH LABORATORIES, INC., Defendant-Appellee.
 Nos. 86-3682, 86-3802.
 United States Court of Appeals,
Ninth Circuit.
 Argued May 7, 1987.
Submitted May 10, 1988.
Decided July 6, 1988.
 
 John W. Smallmon, Hermiston, Or., Robert K. Kaufman, Rensberry, Kaufman, Nelson and Petruska, Gaylord, Mich., Daniel M. Holland, Jaqua, Wheatley, Gallagher and Holland, P.C., Eugene, Or., for plaintiff-appellant.
 Ridgway K. Foley, Jr., Schwabe, Williamson, Wyatt, Moore and Roberts, Portland, Or., for Wyeth Laboratories, Inc., defendant-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before TANG, FLETCHER* and BRUNETTI,** Circuit Judges.
 PER CURIAM:
 
 
 1
 This case presented questions of products liability under state law which we certified to the Oregon Supreme Court. That court having answered both questions certified to it, we complete our disposition of the appeal by affirming the judgment, but remand for further consideration of the possibility of amending the complaint.
 
 
 2
 Originally, this case was filed as a diversity action by Elizabeth Senn, as guardian ad litem for her daughter, Mandy Senn. She claimed that when Mandy was five months old, the vaccine diptheria-pertussis-tetanus ("DPT") was administered to her as part of a vaccination program mandated by the state of Oregon and that the vaccine caused severe mental and physical handicaps. Eight manufacturers of DPT were originally named as defendants. The theories of recovery were negligence and strict liability in tort. All defendants except Merrell-Dow and Wyeth Laboratories were dismissed. Those two defendants were not dismissed because they failed to show that they could not have supplied the vaccine Mandy received. The actions against Merrell-Dow and Wyeth were consolidated, and the district court granted summary judgment against the Senns after refusing to certify to the Oregon Supreme Court the question of whether the principle of alternate liability as set forth in Restatement (Second) Torts Sec. 433B(3) was applicable under Oregon law. In essence, the district court found that because the Senns were unable to show which defendant, Merrell-Dow or Wyeth, caused the injury, neither should be held liable.
 
 
 3
 The Senns appealed to this court, contending there was a sufficient allegation that both defendants acted tortiously and that Sec. 433B of the Restatement applied in Oregon. After oral argument and upon reviewing the case, we certified the following two questions to the Oregon Supreme Court:
 
 
 4
 (1) Under Oregon law, if the plaintiff in a products liability action shows that two defendant drug manufacturers each produced a drug either defectively designed or defective because of failure to warn of risks inherent in the use of the drug, but cannot show which manufacturer produced the drug plaintiff received, does the burden of proof shift from plaintiff to defendants to show that they did not cause plaintiff's injury? and (2) Is there liability for failure to warn if the plaintiff was required to take the drug by Oregon law?
 
 
 5
 The Oregon Supreme Court ruled in the negative on the former and in the affirmative on the latter:
 
 
 6
 To summarize, we conclude that the rule of alternative liability set out in Restatement (Second) Torts Sec. 433B(3)(1965) is not available to plaintiff in her products liability claims against defendants.
 
 
 7
 We further conclude that defendants are not insulated from liability because plaintiff received her inoculation as part of a government mandated vaccination program.
 
 
 8
 Senn v. Merrell-Dow Pharmaceuticals, Inc., 305 Or. 256, 272, 751 P.2d 215, 224 (1988).
 
 
 9
 Based on the question of alternative liability which we certified, we affirm the judgment of the district court. However, because the Oregon Supreme Court's opinion indicates another method by which the Senns might prove the identity of the proper defendant drug company, see Senn, 305 Or. at 259, n. 1, 751 P.2d at 216, n. 1, we remand this case to the district court to allow it in the first instance to determine whether to permit the Senns to amend their complaint.[1]
 
 
 10
 AFFIRMED and REMANDED for further consideration.
 
 
 
 *
 Judge Noonan, a member of the original panel, recused himself because of a conflict of interest he has that arose subsequent to the submission of issues in this case to the Oregon Supreme Court. Accordingly, Judge Fletcher was selected randomly to replace Judge Noonan on this panel
 
 
 **
 Judge Anderson, a member of the original panel, died prior to the decision in this case. Accordingly, Judge Brunetti was selected randomly to replace Judge Anderson
 
 
 [1]
 Counsel for the Senns is admonished for violating Circuit Rule 25-2. All communications concerning matters before the court must be through the Clerk of the Court and not directly to the judges